**LEVY & CRAIG, P.C., Respondent,**

v.

**C.W. LUEBBERT CONSTRUCTION COMPANY, INC., Appellant.**

**No. WD 59227.**

Missouri Court of Appeals, Western District.

Oct. 16, 2001.

Gregory J. Pappas, Rachelle M. Shocklee, Kansas City, for respondent.

Wm. N. Marshall, III, Kansas City, for appellant.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

C.W. Luebbert Construction Co., Inc. ("Luebbert") appeals from the trial court's judgment awarding attorney fees to Levy & Craig in the amount of $8,403.21, plus costs. Luebbert's sole point on appeal is that the trial court erred in entering judgment for Levy & Craig because an attorney's services have no value to his client when that attorney has a conflict of interest, in that the evidence presented at trial was uncontroverted that Levy & Craig had a conflict of interest with Luebbert and two other clients.

We affirm.

## Facts

In July 1997, Luebbert hired Levy & Craig to represent it in regard to a dispute which had arisen over a construction project in Cass County, Missouri. Luebbert was the general contractor on the project, which involved the construction of an addition to Midway High School. During the course of the construction, one of the subcontractors breached one or more underground fuel oil lines which ran from an aboveground storage tank into the school building. The fuel oil leaked out of the lines and polluted the sewage lagoon on Midway's property. Midway was withholding final payment on the project pending determination of fault and damages for remedying the pollution.

Levy & Craig brought suit against Luebbert to recover attorney fees incurred by Luebbert during Levy & Craig's representation of Luebbert in the Midway project. Lawrence Lerner, the attorney at Levy & Craig primarily responsible for providing legal services to Luebbert, was the only witness who testified at trial. He testified that Roy Perry, the president of Luebbert, initially came to him in 1997 and they discussed the case. Lerner asked Perry for certain documents. In August 1997, Perry sent Lerner a list of his unpaid subcontractors and suppliers. Lerner circulated the list at his firm and discovered a potential conflict of interest with two of the subcontractors, LaFollette Mechanical, Inc. and Design Supply, Inc., which were also clients of the firm. Lerner then discussed the conflict with Perry, and Perry told Lerner that "there was no conflict," and that he wanted Levy & Craig on the case. Perry stated that he had worked out an arrangement with the two subcontrac-

tors where they would be willing to get paid when he got paid. In December 1997, Lerner again called Perry, "concerned about LaFollette and Design Supply." Perry told Lerner that he spoke to the subcontractors, and they were willing to back off and waive the conflict.[1] Lerner also spoke to the subcontractors himself, and they told him "they were talking" and to go ahead and proceed with representing Luebbert. In November or December 1997, Lerner received letters from LaFollette, indicating that they had not been paid and arrangements had not been made for them to be paid. Lerner then contacted Perry and told him to pay the subcontractors and suppliers that were not involved in the break of the oil line, including LaFollette and Design Supply. When it became clear that Luebbert was not going to pay the subcontractors, Levy & Craig withdrew from the case, citing the conflict as its reason. Levy & Craig billed a total of $13,204.17, $4,800.96 of which Luebbert paid. Luebbert refused to pay the balance due on the attorney fees, and Levy & Craig brought suit. Following a bench trial, the trial court entered judgment for Levy & Craig in the amount of $8,403.21, as prayed. This appeal follows.

## Argument

■ Luebbert's sole point on appeal is that the trial court erred in entering judgment for Levy & Craig because an attorney's services have no value to his client when that attorney has a conflict of interest. He contends that the evidence presented at trial was uncontroverted that Levy & Craig had a conflict of interest with Luebbert and two other clients.

■ We will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Missouri Supreme Court Rule 4–1.7 provides as follows:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected;

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Luebbert contends the controlling case is *Reid v. Reid,* 950 S.W.2d 289 (Mo.App. E.D.1997). In *Reid,* an attorney drafted a will for a woman, at her nephew's request. *Reid,* 950 S.W.2d at 290. Later, the attorney and another attorney from his firm agreed to defend the will in a will contest, on a contingency fee basis. *Id.* Following settlement negotiations, the attorney who drafted the will told the nephew that he

---

**1.** Although the rules do not require written conflict waivers, in many instances they would prove helpful to document the understanding of the parties.

(the attorney) could not support the will because "as a witness to the will contest facts, ... he would not be a good witness to support validity." *Id.* The nephew then discharged the firm. *Id.* The eastern district held that due to the conflict of interest, the firm did not render valuable services to the nephew regarding the will contest, and the trial court's award of attorney fees was unreasonable. *Id.* at 292. The court reasoned that any concerns about the attorney's ability to testify in support of the validity of the will were available when the will was drafted and executed and before the representation regarding defense of the will contest began. *Id.*

*Reid* is distinguishable from the present case. In *Reid,* the attorneys did not immediately inform the client of the conflict, and there was no evidence that the client waived the conflict. In this case, there was evidence that Lerner informed Perry and the subcontractors of the conflict soon after it was discovered. There was also evidence that both Lerner and the subcontractors initially waived the conflict. When talks broke down between Luebbert and the subcontractors and Luebbert refused to pay the subcontractors, Lerner ended Levy & Craig's representation of Luebbert.

Levy & Craig complied with Missouri Supreme Court Rule 4–1.7 in this case. Therefore, the trial court did not err in awarding Levy & Craig attorney fees owed by Luebbert.

The judgment of the trial court is affirmed.

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.